IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SECURITY INSURANCE COMPANY             NO.  CIV.S-05-2620 DFL DAD
OF HARTFORD, et al.,

        Plaintiffs,

   v.                                  FINDINGS AND RECOMMENDATIONS

CIBUS INSURANCE SERVICES,
INC.,  et al.,

        Defendants.
_____/

     This matter is before the court on an order to show cause why the court should not strike the affirmative defenses pled in the answer of defendant Jason Gamache due to his failure to comply with this court's June 27, 2006, discovery order.  The hearing on the order to show cause occurred on August 28, 2006.  Robert L. Fleischman appeared on behalf of plaintiffs.  There was no appearance on behalf of defendant Gamache, who had been ordered to personally appear.  Mr. Gamache is proceeding pro se.  For the reasons explained
/////

1

below, the undersigned will recommend that defendant Gamache's affirmative defenses be stricken.

Federal Rule of Civil Procedure 37 provides, in relevant part:

> If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> 
> \*\*\*
> 
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

Fed. R. Civ. P. 37(b)(2)(C).

A district court has discretion in imposing discovery sanctions. Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir. 1997). A court is permitted to impose the drastic sanction of dismissal or default under Rule 37(b)(2)(C) only in "extreme circumstances" where the violation is "due to willfulness, bad faith, or fault of the party." In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996). In determining whether to dismiss an action or enter default pursuant to Rule 37(b)(2)(C), a district court must consider five factors:

> "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" [Payne, 121 F.3d at 507](quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)). Where a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them. Id.

2

Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004).

Here, by order filed June 27, 2006, the undersigned granted plaintiffs' motion to compel interrogatory answers and responses to a request for production from defendant Gamache.[1] That order required defendant Gamache to provide discovery responses by July 7, 2006. Although defendant Gamache apparently communicated with plaintiffs' counsel after the hearing and expressed an intention to comply with the court's order, he did not do so.

Plaintiffs then filed a motion for sanctions pursuant to Rule 37(b)(2)(C). Defendant Gamache again did not file opposition to the motion and did not appear at the noticed hearing. Accordingly, by order filed August 21, 2006, the court awarded plaintiffs approximately $5,000 to cover the expenses incurred in bringing their discovery motions; allowed defendant one additional week to comply with the original discovery order; and issued the order to show cause which came on for hearing on August 28, 2006. As noted, defendant Gamache failed to appear at the show cause hearing despite having been ordered to personally appear.

This history demonstrates that defendant Gamache has willfully disregarded the court's June 27, 2006 discovery order. Service of plaintiffs' discovery motions and the order to show cause has been properly effectuated. Defendant Gamache has failed to appear before the court no less than three times and he has not

---

[1] Defendant Gamache neither filed opposition to the motion nor did he appear at the hearing.

3

1  opposed any of the motions brought against him.  Lesser sanctions in
2  the form of monetary sanctions have been imposed without success.
3  Defendant Gamache's failure to comply with the court's orders
4  undermines the public's interest in expeditious resolution of
5  litigation as well as the court's need to manage its docket.  Under
6  the Pretrial Scheduling Order in this case, all discovery must be
7  completed by December 27, 2006.  Defendant Gamache has not come
8  forward to demonstrate any risk of prejudice as a result of striking
9  his affirmative defenses.  While that sanction is a somewhat drastic
10 one, it should be imposed under these circumstances.  Therefore,
11 while recognizing the public policy favoring disposition of cases on
12 their merits, the undersigned will recommend that the assigned
13 district judge strike the affirmative defenses pled in the answer of
14 defendant Gamache.

15         Accordingly, IT IS HEREBY RECOMMENDED that the affirmative
16 defenses pled in the answer of defendant Jason Gamache be stricken
17 due to his failure to comply with this court's June 27, 2006,
18 discovery order.

19         These findings and recommendations are submitted to the
20 United States District Judge assigned to the case, pursuant to the
21 provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after
22 being served with these findings and recommendations, any party may
23 file written objections with the court.  Such a document should be
24 captioned "Objections to Magistrate Judge's Findings and
25 Recommendations."  The parties are advised that failure to file
26 objections within the specified time may waive the right to appeal

1 | the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153
2 | (9th Cir. 1991).
3 | DATED: November 21, 2006.

```
                              /s/ Dale A. Drozd
                              _____
                              DALE A. DROZD
                              UNITED STATES MAGISTRATE JUDGE
```

DAD:th
Dad1/orders.civil/securityinsurance2620.f&r.strike