IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CIBUS INSURANCE SERVICES, INC., et al.,<br><br>    Defendants.<br>_____/ | NO.  CIV.S-05-2620 DFL DAD<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

     This matter came before the court on December 1, 2006, for hearing on plaintiff Security Insurance Company of Hartford's motion for default judgment against defendant Cibus Insurance Services, Inc. ("Cibus").  Robert Fleischman appeared on behalf of plaintiff.  There was no appearance on behalf of defendant Cibus.  Having considered all written materials submitted with respect to the motion, and after hearing oral argument, for the reasons set forth below the court will recommend that plaintiff's motion be granted.

/////

**PROCEDURAL BACKGROUND**

Plaintiff Security Insurance Company of Hartford initiated this action by filing its complaint on December 27, 2005. The named defendants in the complaint are Cibus as well as the individuals George P. Hagosian and Jason A. Gamache. Despite being served with process, Cibus did not answer or defend plaintiff's complaint. Therefore, pursuant to plaintiff's request, on February 24, 2006, the Clerk of the Court entered default against Cibus. On October 20, 2006, plaintiff filed the instant motion along with various declarations addressing damages. Despite being served with all papers filed in connection with the motion for default judgment, defendant Cibus has not responded to it. Following the hearing on the motion and as directed by the court, counsel for plaintiff filed a supplemental declaration addressing attorney fees.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983)(citing Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). It is improper for the court to consider liability issues without first providing notice to plaintiff that the merits will be addressed. Black v. Lane, 22 F.3d 1395, 1398 (7th Cir. 1994). Where damages are

2

1 liquidated (i.e., capable of ascertainment from definite figures
2 contained in the documentary evidence or in detailed affidavits),
3 judgment by default may be entered without a damages hearing.  See
4 Dundee, 722 F.2d at 1323.  Unliquidated and punitive damages,
5 however, require "proving up" at an evidentiary hearing or through
6 other means.  Dundee, 722 F.2d at 1323-24; see also James v. Frame,
7 6 F.3d 307, 310 (5th Cir. 1993).

8    Granting or denying default judgment is within the court's
9 sound discretion, see Draper v. Coombs, 792 F.2d 915, 924-25 (9th
10 Cir. 1986) (citations omitted), and the court is free to consider a
11 variety of factors in exercising that discretion, see Eitel v.
12 McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The court may
13 consider such factors as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

19 Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice, ¶ 55-
20 05[2], at 55-24 to 55-26).

## ANALYSIS

22   Plaintiff initiated this action to recover funds due under
23 a guaranty and indemnity agreement issued by defendant Cibus to
24 /////
25 /////
26 /////

plaintiff.[1]  Plaintiff's complaint also seeks to recover damages for breach of agreements between Cibus, as program administrator for an insurance program for food service and distribution risks, and plaintiff, as underwriting company for that insurance program.  The complaint also seeks damages due to the tortious acts and omissions of Cibus and its officers, individual defendants Hagosian and Gamache.  In particular, the complaint alleges causes of action for (1) breach of contract (against Cibus); (2) recovery under the guaranty (against Cibus and Hagosian); (3) breach of fiduciary duty (against all defendants); (4) tortious interference with contractual relationship (against all defendants); (5) negligent misrepresentation (against all defendants); and (6) conversion (against all defendants).

Weighing the factors outlined in Eitel v. McCool, 782 F.2d at 1471-72, the undersigned has determined that default judgment against defendant Cibus is appropriate.  Defendant has made no showing that its failure to defend was due to excusable neglect.  The complaint is sufficient, and while the amount of money at stake is substantial, that amount is merely a result of the nature of the business transaction in which the parties engaged.  There also is no apparent possibility of a dispute concerning the material facts underlying the action and there is no reason to doubt the merits of

---

[1] Three plaintiffs are identified in the complaint: Security Insurance Company of Hartford, The Fire & Casualty Insurance Company of Connecticut and The Connecticut Indemnity.  The three original plaintiffs have now been merged into a single entity with Security Insurance Company of Hartford as the surviving entity.  Therefore, the findings and recommendations refer to a single plaintiff.

4

plaintiff's substantive claims. The relevant factors weigh in plaintiff's favor. Accordingly, while recognizing the public policy favoring decisions on the merits, the court will recommend that default judgment be granted.

Upon determining that entry of default judgment is warranted, the court must next determine the terms of the judgment. Through the instant motion, plaintiff seeks default judgment against Cibus only on the claims for relief against Cibus based on recovery under the guaranty and for breach of contract (i.e., the first and second causes of action). According to the declarations on file, Cibus owes plaintiff $1,650,086.10 under the guaranty. Cibus also owes plaintiff $99,005.17 in prejudgment interest on the principal amount due under the guaranty. Finally, plaintiff has demonstrated that, pursuant to the terms of the guaranty, Cibus owes plaintiff $68,145.48 to repay plaintiff for all reasonable out-of-pocket costs and expenses incurred by plaintiff in connection with the enforcement of the guaranty.[1] These figures are supported by the allegations of the complaint and consistent with the prayer for relief. Therefore, the undersigned will recommend that the assigned district judge grant plaintiff's motion for default judgment.

---

[1] The court agrees with plaintiff's suggestion that only the expenses and costs directly related to activities undertaken with respect to Cibus, as opposed to Cibus and all of the other defendants, are recoverable. (See Supp. Decl. of Robert L. Fleischman filed December 7, 2006, at paras. 9-12.) In this relatively straightforward default judgment matter against Cibus only, it would be unreasonable at this stage to award the fees and costs pertaining to activities related to the individual defendants as well.

5

Finally, plaintiff requests certification under Federal Rule of Civil Procedure 54(b). Rule 54(b) requires as follows:

> When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b); see Baker v. Limber, 647 F.2d 912, 916 (9th Cir. 1981)(applying Rule 54(b) to default judgment). With respect to judgments under Rule 54(b), the Ninth Circuit has stated as follows:

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. The trial court should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order. Those findings should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court. A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings.

Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

Here, the court finds that it is unlikely that Cibus will appeal any entry of default judgment since it did not even file opposition to the pending motion. If Cibus were to proceed to appeal, the court recognizes that plaintiff's claims against

6

defendants arise from the same factual events and that such a factual similarity weighs against Rule 54(b) certification.  Nonetheless, the papers filed in support of plaintiff's motion indicate that Cibus is likely a fleeting entity.  As explained in the motion and on the record during the hearing, a currently pending action in state court seeks, among other things, the dissolution of Cibus.  Therefore, any further delay would prejudice plaintiff's attempt to begin enforcing a judgment against Cibus, which would amount to a "harsh and unjust result."  Morrison-Knudsen Co., Inc., 655 F.2d at 965.

Further, plaintiff's first cause of action for breach of contract is brought against Cibus only.  The second cause of action for recovery under the guaranty is brought against Cibus and Hagosian, but the liability of Cibus, a corporation, is based on a legal theory different from the one under which the Hagosian, an individual, is being sued.  These circumstances also favor the entering of judgment now as requested.  See Angelo Iafrate Const., LLC v. Potashnick Const., Inc., 370 F.3d 715, 722 (8th Cir. 2004)("Parties are not similarly situated and a default judgment does not establish inconsistent judgments, however, if the liability of the defaulting party is based on independent wrongful acts or a legal theory distinct from the one under which the answering party prevailed.").  Therefore, the undersigned will further recommend that the district judge expressly determine that there is no just reason for delay and direct the entry of judgment against defendant Cibus.

/////

/////

7

**CONCLUSION**

Accordingly, for the reasons stated above, the court HEREBY RECOMMENDS that:

1. Plaintiff's motion for default judgment be granted;

2. The district court expressly determine pursuant to Rule 54(b) that there is no just reason for delay and direct the entry of default judgment against defendant Cibus; and

3. Default judgment be entered in favor of plaintiff against defendant Cibus in the amount of $1,817,236.75 on plaintiff's claims for breach of contract and recovery under the guaranty.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 19, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.civil\securityinsurance.f&r.default