FRIEDMAN DUMAS & SPRINGWATER LLP
ROBERT L. FLEISCHMAN (S.B. NO. 80045)
CECILY A. DUMAS (S.B. NO. 111449)
BRANDON C. CHAVES (S.B. NO. 225595)
150 Spear Street, Suite 1600
San Francisco, CA 94105
Telephone Number:  (415) 834-3800
Facsimile Number:  (415) 834-1044

Attorneys for Plaintiffs
SECURITY INSURANCE COMPANY OF
HARTFORD, THE FIRE & CASUALTY
INSURANCE COMPANY OF CONNECTICUT,
THE CONNECTICUT INDEMNITY COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD, a corporation; The FIRE & CASUALTY INSURANCE COMPANY OF CONNECTICUT, a corporation; and THE CONNECTICUT INDEMNITY COMPANY, a corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>CIBUS INSURANCE SERVICES, INC., a corporation; GEORGE P. HAGOSIAN, an individual; and JASON A. GAMACHE, an individual,<br><br>Defendants. | Case No. 2:05-CV-02620 DFL DAD<br><br>**STIPULATION FOR ENTRY OF JUDGMENT AND DISMISSAL BETWEEN PLAINTIFF AND DEFENDANT CIBUS INSURANCE SERVICES, INC.** |

Plaintiff, Security Insurance Company of Hartford ("Security") and Defendant, Cibus Insurance Services, Inc. ("Cibus"), (Security and Cibus, the "parties") stipulate as follows:

I.   RECITALS

This Stipulation is entered into upon the basis of the following facts, understandings, and intentions of the parties:

A.   Security is an insurer licensed in California to issue various types of insurance coverages, including workers compensation insurance.

STIPULATION FOR ENTRY OF JUDGMENT - CIBUS   1
{00283616.DOC v 2}

1    B.   In 2000 and 2001, Cibus was an insurance agency operating in the State of California.  During that time period, George Hagosian ("Hagosian") was Cibus' Chief Executive Officer, a member of Cibus' Board of Directors, and an owner of one third of the total issued and outstanding shares of Cibus, Jason Gamache ("Gamache") was Cibus' Chief Financial Officer, a member of Cibus' Board of Directors, and an owner of one third of the total issued and outstanding shares of Cibus, and John Jackson ("Jackson") was Cibus' Vice President in Charge of Claims, a member of Cibus' Board of Directors and an owner of one third of the total issued and outstanding shares of Cibus.

C.   In 2000 and 2001, Cibus entered into certain Program Administrator Agreements with Security, The Fire & Casualty Insurance Company of Connecticut ("FCIC"), and The Connecticut Indemnity Company ("CIC", and together with FCIC and Security, the "Plaintiffs").  Plaintiffs subsequently merged into a single entity with Security emerging as the surviving entity.  Under the Program Administrator Agreements, Cibus acted as Plaintiffs' agent from January 1, 2000 through December 31, 2001.  As Plaintiffs' agent, Cibus was authorized to underwrite and sell workers compensation insurance on behalf of Plaintiffs, and to bill, collect and hold insurance premium funds as Plaintiffs' fiduciary and to report the same on a monthly basis to the Plaintiffs.

D.   In connection with the Program Administrator Agreements, Plaintiffs entered into a Quota Share Treaty Reinsurance Agreement (the "Reinsurance Agreement") with Sinser Insurance Company ("Quest"), pursuant to which Quest agreed to accept a substantial portion of the risk assumed by Plaintiffs in policies issued by the Plaintiffs.  Cibus guaranteed certain of Quest's obligations to Plaintiffs pursuant to a Captive Reinsurance Guaranty and Indemnity Agreement (the "Guaranty") executed by Cibus.

E.   Certain disputes have arisen between Plaintiffs and Cibus, Hagosian, and Gamache (Cibus, Hagosian and Gamache are collectively referred to as  the "Defendants") concerning the Program Administrator Agreements, Reinsurance Agreement, and Guaranty.  As a result of the disputes, on December 27, 2005, Plaintiffs commenced this action (the "Action") against the Defendants.  Hagosian and Gamache cross claimed against

Jackson who in turn counterclaimed against Hagosian and Gamache. Pursuant to stipulation and order the cross complaints against Jackson were dismissed with prejudice in December of 2006.

F. Plaintiffs' complaint alleges that, as a result of the acts and/or omissions of Cibus, Hagosian, and Gamache, Plaintiffs have suffered damages in an amount in excess of $1.8 million. Plaintiffs have asserted claims for breach of the Program Administrator Agreements against Cibus, claims for amounts due under the Guaranty against Cibus and Hagosian, and claims for breach of fiduciary duty, tortious interference with contractual relationship, negligent misrepresentation, and conversion against Cibus, Hagosian, and Gamache.

G. A default has been entered against Cibus, and Magistrate Judge Dale A. Drozd has made findings of fact and recommendations that a judgment in the amount of $1,817,236.75 be entered against Cibus. Cibus does not dispute that Plaintiffs have suffered losses of over $1.8 million as a result of Cibus' failure to pay under the Guaranty, and breach of its Program Administrator Agreements with Security.

H. In November of 2005, Mr. Daniel D. Ross ("Ross") of the Daniel D. Ross Accountancy Corporation, was appointed by the Superior Court of Placer County as Administrator of Cibus. Mr. Ross was charged with the responsibility for, among other things, taking control of the books, records and assets of Cibus and winding up its affairs.

I. To settle and resolve any and all claims and controversies between Security and Cibus arising out of, connected with, or otherwise related to this Action, Cibus and Security have entered into a Confidential Settlement and Release Agreement ("Settlement Agreement") whereby Cibus has agreed to make certain payments to Security and assign certain assets and rights to Security. Cibus further agreed that a judgment may be entered against it as set forth in this stipulation if it failed to make payments according to the Settlement Agreement.

BASED ON THE FOREGOING RECITALS, THE PARTIES AGREE AS FOLLOWS:

1. <u>Payment</u>.  Cibus will pay to Security the amounts set forth in the Settlement Agreement.

2. <u>Dismissal</u>.  Upon Cibus' complete performance of all obligations under the Settlement Agreement, Security will dismiss this Action with prejudice with respect to Cibus.

3. <u>Entry of Judgment</u>.  If Cibus fails to make any payment as set forth in the Settlement Agreement, then Security may, at any time and without further notice to Cibus, make an *ex parte* application to the Court to enter a final judgment in the amount of one million nine hundred thousand dollars ($1,900,000.00) in the form attached hereto as <u>Exhibit A</u>.  The written declaration of Security or its attorney shall be prima facie proof that Cibus has failed to make payments as required by the Settlement Agreement.

4. <u>Stay of Entry of Judgment</u>.  No judgment against Cibus pursuant to Magistrate Judge Dale A. Drozd's findings of fact and recommendations shall be entered for thirty (30) days from the date of entry of this Stipulation.

5. <u>Miscellaneous</u>.

    (a) <u>Judgment May Be Non-Dischargeable In Bankruptcy</u>.  Cibus acknowledges that it is aware that under Section 523(d) of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), a discharge under Sections 727, 1141, 1228(a), 1228(b), or 1328(b) of the Bankruptcy Code does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, for embezzlement, or larceny.

    (b) <u>Additional Documents</u>.  Each of the parties agrees to execute such other and further documents as may be reasonably required by the other parties to carry out the purposes and intent of this Stipulation, or to evidence anything contained herein.

    (c) <u>Counterparts</u>.  This Stipulation may be executed in counterparts, and when a counterpart has been executed by each of the parties, the counterparts so executed shall constitute a fully binding and complete Stipulation.  Signature pages may be delivered separately in original, photocopy, or fax, and are effective when so delivered.

| | |
|---|---|
| APPROVED AS TO FORM AND CONTENT | |
| FRIEDMAN DUMAS & SPRINGWATER LLP | Security Insurance Company of Hartford |

By:  Robert L. Fleischman
As counsel for Security Insurance Company of Hartford
Dated:  March ____, 2007

By:  _____
Dated:  March ____, 2007

APPROVED AS TO FORM AND CONTENT

By:

As counsel for Cibus Insurance Services, Inc.

Daniel D. Ross, Administrator for Cibus Insurance Services, Inc.
Dated:  March ____, 2007

Dated:  March ____, 2007

IT IS SO ORDERED

/s/ David F. Levi

UNITED STATES DISTRICT COURT JUDGE
Dated:  April 26, 2007