FRIEDMAN DUMAS & SPRINGWATER LLP
ROBERT L. FLEISCHMAN (S.B. NO. 80045)
CECILY A. DUMAS (S.B. NO. 111449)
BRANDON C. CHAVES (S.B. NO. 225595)
150 Spear Street, Suite 1600
San Francisco, CA 94105
Telephone Number:  (415) 834-3800
Facsimile Number:  (415) 834-1044

Attorneys for Plaintiffs
SECURITY INSURANCE COMPANY OF
HARTFORD, THE FIRE & CASUALTY
INSURANCE COMPANY OF CONNECTICUT,
THE CONNECTICUT INDEMNITY COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD, a corporation; The FIRE & CASUALTY INSURANCE COMPANY OF CONNECTICUT, a corporation; and THE CONNECTICUT INDEMNITY COMPANY, a corporation,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CIBUS INSURANCE SERVICES, INC., a corporation; GEORGE P. HAGOSIAN, an individual; and JASON A. GAMACHE, an individual,<br><br>    Defendants. | Case No. 2:05-CV-02620 DFL DAD<br><br>**STIPULATION FOR ENTRY OF JUDGMENT AND DISMISSAL BETWEEN PLAINTIFF AND DEFENDANT GEORGE HAGOSIAN** |

Plaintiff, Security Insurance Company of Hartford ("Security") and Defendant, George Hagosian ("Hagosian"), (Security and Hagosian, the "parties") stipulate as follows:

I.   <u>RECITALS</u>

This Stipulation is entered into upon the basis of the following facts, understandings, and intentions of the parties:

A.   Security is an insurer licensed in California to issue various types of insurance coverages, including workers compensation insurance.

B. In 2000 and 2001, Cibus Insurance Services, Inc. ("Cibus") was an insurance agency operating in the State of California. Hagosian was Cibus' Chief Executive Officer during that time period and was a member of Cibus' Board of Directors and a shareholder in Cibus.

C. In 2000 and 2001, Cibus entered into certain Program Administrator Agreements with Security, The Fire & Casualty Insurance Company of Conneticut("FCIC"), and The Connecticut Indemnity Company ("CIC", and together with FCIC and Security, the "Plaintiffs"). Plaintiffs subsequently merged into a single entity with Security emerging as the surviving entity. Under the Program Administrator Agreements, Cibus acted as Plaintiffs' agent from January 1, 2000 through December 31, 2001. As Plaintiffs' agent, Cibus was authorized to underwrite and sell workers compensation insurance on behalf of Plaintiffs, and to bill, collect and hold insurance premium funds as Plaintiffs' fiduciary and to report the same on a monthly basis to the Plaintiffs.

D. In connection with the Program Administrator Agreements, Plaintiffs entered into a Quota Share Treaty Reinsurance Agreement (the "Reinsurance Agreement") with Sinser Insurance Company ("Quest") pursuant to which Quest agreed to accept a substantial portion of the risk assumed by Plaintiffs in policies issued by the Plaintiffs. Cibus guaranteed certain of Quest's obligations to Plaintiffs pursuant to a Captive Reinsurance Guaranty and Indemnity Agreement (the "Guaranty") executed by Cibus.

E. Certain disputes have arisen between Plaintiffs and Cibus, Hagosian, and Jason A. Gamache ("Gamache," and together with Hagosian and Cibus, the "Defendants") concerning the Program Administrator Agreements, Reinsurance Agreement, and Guaranty. As a result of the disputes, on December 27, 2005, Plaintiffs commenced this action (the "Action") against the Defendants.

F. Plaintiffs' complaint alleges that, as a result of the acts and/or omissions of Cibus, Hagosian, and Gamache, Plaintiffs have suffered damages in an amount in excess of $1.8 million. Plaintiffs have asserted claims for breach of the Program Administrator Agreements against Cibus, claims for amounts due under the Guaranty against Cibus and

Hagosian, and claims for breach of fiduciary duty, tortious interference with contractual relationship, negligent misrepresentation, and conversion against Cibus, Hagosian, and Gamache.

   G. A default has been entered against Cibus, and Magistrate Judge Dale A. Drozd has made findings of fact and recommendations that a judgment in the amount of $1,817,236.75 be entered against Cibus.  Hagosian does not dispute that Plaintiffs have suffered losses of over $1.8 million as a result of Cibus' failure to pay under the Guaranty, but strongly disputes that he personally committed any wrongful acts or has any personal liability for either Cibus or co-defendant Gamache's alleged wrongful conduct.

   H. To settle and resolve any and all claims and controversies between Security and Hagosian arising out of, connected with, or otherwise related to this Action, Hagosian and Security have entered into a Confidential Settlement and Release Agreement ("Settlement Agreement") whereby Hagosian has agreed to make certain payments to Security.  Hagosian further agreed that a judgment may be entered against him as set forth in this stipulation if he failed to make payments according to the Settlement Agreement.

   BASED ON THE FOREGOING RECITALS, THE PARTIES AGREE AS FOLLOWS:

   1. <u>Payment</u>.  Hagosian will pay to Security the amounts set forth in the Settlement Agreement.

   2. <u>Dismissal</u>.  Upon Hagosian's complete performance of all obligations under the Settlement Agreement, Security will dismiss this Action with prejudice with respect to Hagosian.

   3. <u>Entry of Judgment</u>.  If Hagosian fails to make any payment as set forth in paragraph 1, then Security may, at any time and without further notice to Hagosian, make an *ex parte* application to the Court to enter a final judgment in the amount of nine hundred thousand dollars ($900,000.00) in the form attached hereto as <u>Exhibit A</u>.  The written declaration of Security or its attorney shall be prima facie proof that Hagosian has failed to make payments as required by the Settlement Agreement.

4. <u>Miscellaneous</u>.

(a) <u>Judgment May Be Non-Dischargeable In Bankruptcy</u>. Hagosian acknowledges that he is aware that under Section 523(d) of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), a discharge under Sections 727, 1141, 1228(a), 1228(b), or 1328(b) of the Bankruptcy Code does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, for embezzlement, or larceny.

(b) <u>Additional Documents</u>. Each of the parties agrees to execute such other and further documents as may be reasonably required by the other parties to carry out the purposes and intent of this Stipulation, or to evidence anything contained herein.

(c) <u>Counterparts</u>. This Stipulation may be executed in counterparts, and when a counterpart has been executed by each of the parties, the counterparts so executed shall constitute a fully binding and complete Stipulation. Signature pages may be delivered separately in original, photocopy, or fax, and are effective when so delivered.

APPROVED AS TO FORM AND CONTENT

LAW OFFICES OF MATTHEW WERTHEIM

| | |
|---|---|
| By: Matthew Wertheim<br>As counsel for George Hagosian<br>Dated: March ____, 2007 | George Hagosian<br>Dated: March ____, 2007 |

APPROVED AS TO FORM AND CONTENT

FRIEDMAN DUMAS & SPRINGWATER LLP         Security Insurance Company of Hartford

| | |
|---|---|
| By: Robert L. Fleischman<br>As counsel for Security Insurance Company of Hartford | By: _____<br>Dated: March ____, 2007 |

STIPULATION FOR ENTRY OF JUDGMENT - HAGOSIAN          4
{00280888.DOC v.4}

1  Dated: March ____, 2007

2

3  IT IS SO ORDERED

4

5  /s/ David F. Levi
   _____

6  UNITED STATES DISTRICT COURT JUDGE

7  Dated: April 26, 2007